IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSE PEREZ MALDONADO,           )
                                )
            Petitioner,         )
                                )      1:12CV357
       v.                       )      1:09CR125-1
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )


**<u>MEMORANDUM OPINION AND ORDER</u>**

**OSTEEN, JR., District Judge**

On April 6, 2012, Joes Perez Maldonado ("Maldonado" or
"Petitioner") moved to vacate, set aside, or correct his
sentence pursuant to 28 U.S.C. § 2255 (the "Petition") in case
number 1:09CR125-1. (Doc. 40.)[1]  The Government has responded in
opposition to the Petition (Doc. 60), and Maldonado has replied
(Doc. 62). The matter is now before this court for a ruling.
<u>See</u> Rule 8, Rules Governing § 2255 Proceedings.

Maldonado has raised four grounds for relief in his
Petition.  In Ground One, Maldonado alleges that "Appellate
Counsel was ineffective on appeal by failing to raise
meritorious claim [sic] to correct drug amount attributed to
Petitioner."  (Petition (Doc. 40) at 5.)  As to Ground Two,

---

[1] Unless otherwise noted, this and all further citations to
the record are to the docket in the criminal case (1:09CR125-1).

Maldonado alleges that "Trial Counsel was ineffective by witholding [sic] government's early plea offer and not clearly communicating it until it was too late." (Id. at 6.)  In Ground Three, Maldonado alleges that "Trial Counsel misadvised Petitioner to take a final plea that was not in writing yet instead of proceeding with trial." (Id. at 8.)  In Ground Four, Maldonado alleges that "Trial Counsel abandoned Petitioner during plea bargaining and during court hearing while defending ineffective claim against him."  (Id. at 9.)

For the following reasons, this court finds Maldonado's claims should be denied and the Petition dismissed.  Maldonado also requests, among other things, that this court "order an evidentiary hearing," "grant a Certificate of Appealability," and order discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings.  (See, e.g., id. at 14; Petitioner's Mot. Requesting Discovery (Doc. 63).)  However, because Maldonado's claims are frivolous, this court will deny the requests made in the Petition along with Maldonado's other motions.

I.    **BACKGROUND**

Maldonado was charged in a two-count bill of indictment on March 31, 2009.  Count One alleged that on January 23, 2009, Maldonado knowingly and intentionally distributed 63.3 grams of

cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and
(b)(1)(A) and 18 U.S.C. § 2.  (Indictment (Doc. 1) at 1.)  Count
Two alleged that on January 23, 2009, Maldonado knowingly and
intentionally possessed with intent to distribute 17.2 grams of
cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and
(b)(1)(B).  (Id. at 2.)  Maldonado entered a plea of not guilty
as to all counts at arraignment.  (See Minute Entry 4/14/2009.)

On June 8, 2009, the case was called for trial.  A voir
dire was conducted and a total of 13 jurors were selected.  (See
Minute Entry 6/8/2009.)  On June 9, 2009, before trial
continued, Maldonado entered a plea of guilty pursuant to a
written plea agreement.  (See Minute Entry 6/9/2009.)  The plea
agreement required Maldonado to enter a voluntary plea of guilty
as to Count One, and further provided that Maldonado agreed that
the substance involved in the offense charged in Count One was
50 grams or more of a mixture and substance containing a
detectable amount of cocaine base ("crack"). (See Plea Agreement
(Doc. 13) ¶¶ 2, 5(b).)

A presentence report was prepared and disclosed to the
parties.  Maldonado filed objections to the presentence report
(Doc. 16), claiming that he should receive credit for acceptance
of responsibility due to his guilty plea before sentencing.  On

February 18, 2010, the case was called for sentencing. At that hearing, this court was advised that Maldonado had filed a pro se motion to dismiss the indictment for ineffective assistance of counsel. (Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 3; see also Petitioner's Mot. to Dismiss for Ineffective Assistance of Counsel ("Petitioner's Mot. to Dismiss") (Doc. 17).) This court warned Maldonado of his right to remain silent, that if he chose to speak his comments could be used against him, and that he could say something that might cause him to lose acceptance of responsibility and receive an obstruction adjustment. (Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 6-9.) After this court's warning and after speaking with counsel, Maldonado chose to address the court on his motion. (Id. at 9.) As a result of Maldonado's comments (see id. at 9-17), this court struck the guideline calculation, gave notice of its consideration of withdrawal of acceptance of responsibility, gave notice of its consideration of an obstruction-of-justice enhancement, granted counsel's motion to withdraw, and ordered the appointment of substitute counsel. (See id. at 17-20.)

New counsel was appointed and the sentencing hearing was continued to May 12, 2010. At that time, the United States presented evidence through the testimony of a law enforcement

officer with respect to the events that occurred on January 23, 2009, in relation to an undercover sale of crack, the search of the residence, and the arrest of Maldonado. (See May 12, 2010 Hr'g Tr. (Doc. 30) at 7-13.) Maldonado also testified. (See id. at 14-27.) At the conclusion of the testimony and following arguments of counsel, this court denied crediting Maldonado with acceptance of responsibility and applied an obstruction-of-justice enhancement. (Id. at 32-38.) The resulting guideline calculation was a level 32, criminal history category II, for a guideline range of 135 to 168 months. (Id. at 39.) This court imposed a sentence of 150 months imprisonment followed by eight years of supervised release. (Id. at 42; see also Judgment (Doc. 27).)

Following sentencing, Maldonado gave Notice of Appeal. (Doc. 22.) On March 31, 2011, the Fourth Circuit issued its Judgment affirming the judgment of the district court (Doc. 36), and on April 22, 2011, the Fourth Circuit issued its formal mandate in the case (Doc. 37). See United States v. Maldonado, 420 Fed. App'x 285 (4th Cir. 2011). On April 6, 2012, Maldonado filed this Petition. Additional facts will be addressed where necessary in this Memorandum Opinion and Order.

## II.  **DISCUSSION**

Each of Maldonado's claims is based on alleged ineffective assistance of counsel at various stages of these proceedings. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).  To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.  A reasonable probability is one "sufficient to undermine confidence in the outcome."  Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694).

To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that, but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The court must determine whether "a

decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Claims of ineffective assistance of counsel on appeal are also judged using the Strickland test. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 752-53 (1983); see also Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted).

To obtain a hearing or any form of relief, a habeas petitioner must come forward with some evidence that the claim might have merit. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v.

Angelone, 166 F.3d 255 (4th Cir. 1999); see also Rule 8, Rules
Governing § 2255 Proceedings (noting that a judge must review
the materials in the case to determine if a hearing is
warranted).

## A.   **Ground One - Appellate Counsel**[2]

Maldonado argues that he "instructed [counsel] to file an
appeal challenging the drug amount and drug type attributed to
him," and that he "informed [counsel] that he should not be held
responsible for the entire amount of drugs seized since he was
not charged in a conspiracy." (Petitioner's Mem. of Law in Supp.
of 28 U.S.C. § 2255 ("Petitioner's Mem.") (Doc. 48) at 11-12;
Petition (Doc. 40) at 5.)  This issue is frivolous and without
merit.

The plea agreement in this case contains a stipulation that
"[t]he defendant, JOSE PEREZ MALDONADO, agrees that the
substance involved in the offense alleged in Count One of the
Indictment herein is 50 grams or more of a mixture and substance
containing a detectable amount of cocaine base ('crack')."
(Plea Agreement (Doc. 13) ¶ 5(b).)  Maldonado indicated he

_____

[2] Grounds One through Four are set out in this Memorandum
Opinion in the order in which they appear in the Petition (Doc.
40).  In his memorandum in support of the Petition (Doc. 48),
Maldonado changes the order of the various grounds for relief.
Each ground will be addressed in the order it appears in the
Petition, not the Memorandum.

understood the stipulation (see June 9, 2009 Hr'g Tr. (Doc. 19) at 10-11), and this court accepted Maldonado's plea as a knowing and voluntary plea during a Rule 11 hearing. (Id. at 19.)

A presentence report was prepared and Maldonado was held accountable for 80.5 grams of cocaine base, resulting in a base offense level of 30 because the defendant possessed "[a]t least 50 [grams] but less than 150 [grams] of Cocaine Base." See U.S.S.G. § 2D1.1(c)(5) (2009). The presentence report resulted in a calculation consistent with Maldonado's stipulation. Although Maldonado later denied involvement with cocaine base, that denial was later found to be false and, resultingly, the obstruction-of-justice enhancement was imposed. (See May 12, 2010 Hr'g Tr. (Doc. 30) at 34-37.)

Appellate counsel cannot be constitutionally ineffective for failing to raise on appeal a meritless issue. See Barnes, 463 U.S. at 751 (recognizing that no Supreme Court opinion says "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). Because Maldonado stipulated to the quantity of cocaine base he possessed in his plea agreement, it would have been frivolous for his appellate

counsel to contest that stipulation on appeal.  Cf. Sykes v.
United States, 224 F.2d 313, 314 (4th Cir. 1955) (per curiam)
(denying appeal because defendant had stipulated to matter).

Therefore, Ground One of the Petition is frivolous and
without merit.  Moreover, an evidentiary hearing is not
necessary concerning this claim.

### B.  Ground Two – Communication of Early Plea Offer

In Ground Two, Maldonado alleges that "Trial Counsel was
ineffective by witholding [sic] government's early plea offer
and not clearly communicating it until it was too late."
(Petition (Doc. 40) at 6; see also Petitioner's Mem. (Doc. 48)
at 4.)  Maldonado specifically contends the Government's first
plea contained an offer of "5-40" years and was not disclosed to
Maldonado until it had "expired." (Petitioner's Mem. (Doc. 48)
at 4; Aff. of Jose Perez Maldonado ("Petitioner's Aff.") (Doc.
45) ¶ 7.)  In contrast, counsel's affidavit refers to a plea
agreement and discussions about a plea agreement prior to trial
which was rejected by Maldonado. (Government's Resp., Ex. C,
Aff. of James E. Quander (Doc. 60-3) ¶¶ 4-5, 8-9.)

There are disputed facts with respect to this claim as
Maldonado's affidavit is not consistent with counsel's
affidavit.  However, as explained below, this claim fails

because the Petition and the files and records of the case conclusively show that Maldonado is not entitled to relief. Moreover, an evidentiary hearing is not required because the facts have been previously adjudicated, at least in part, by this court following testimony by Maldonado in the original proceedings, and this court has already found Maldonado's testimony on this issue not credible. Additionally, Maldonado's current allegations are insufficient to overcome his sworn responses provided during the Rule 11 Hearing. Those statements were made with full knowledge of the facts set forth in his Petition as described herein.

### i. Facts as Alleged by Maldonado Demonstrate that Ground Two is Meritless

Maldonado suggests he could not communicate effectively with his attorney without a translator and, relatedly, suggests a more favorable plea agreement was not communicated to him. The Fourth Circuit has previously reviewed this record on appeal and, as this court explains in Part II.B.ii, found that "Maldonado admitted that he could communicate with his attorney without a translator." Maldonado, 420 Fed. App'x at 286. Thus, two courts have previously found that Maldonado could communicate with counsel.

Even assuming those findings are somehow deficient, Maldonado has undermined and contradicted his own § 2255 allegations in the course of his pleadings in support of this Petition, such that this court finds he is not entitled to relief.

Maldonado alleged initially that the first plea offer was withheld and was not clearly communicated until it was too late. (Petition (Doc. 40) at 6.) More specifically, it was not "clearly communicated . . . using a Spanish interpreter." (Id.) Maldonado contends that counsel only communicated with a Spanish interpreter when the offer had expired. (Id.) Subsequently, in his Memorandum, Maldonado asserts that the 5-40 offer was withheld from him until too late. (Petitioner's Mem. (Doc. 48) at 4.) In support of this allegation, Maldonado alleges that counsel visited him pretrial with the "first plea offer in hand" in the form of "some papers," but with no translator, and he did not communicate "any part of the plea offer" until it was too late. (Id. at 4-5.) Petitioner also asserts that he told his attorney "he would take a plea agreement if the attorney would get him less time and correct the drug amount and drug type attributed to him." (Id. at 6.) He concludes, "[w]hen defense counsel performes [sic] deficiently by not informing the

defendant of the government's five year plea offer a remand
. . . is necessary."  (Id. at 7.)

    In his affidavit, Maldonado says he met with his attorney
four times.  (Petitioner's Aff. (Doc. 45) ¶¶ 1-2, 5-6.)  The
first time, his attorney brought an interpreter.  (Id. ¶ 1.)
The second time, his attorney did not bring an interpreter, so
counsel called one on the phone.  (Id. ¶ 3.)  Maldonado declined
to cooperate with the United States and learned he did not
qualify for the safety valve.  (Id. ¶ 4.)  The third time
counsel and Maldonado met, there was no interpreter and none was
called.  (Id. ¶ 5.)  Counsel had "some papers with him" and said
it would be a short meeting because they could not understand
one another.  (Id.)  At the fourth meeting, there was an
interpreter, and Petitioner learned of the original 5-40 year
plea offer, but it was then too late.  (Id. ¶¶ 6, 7.)
Petitioner explained he "could not communicate because [counsel]
only brought a Spanish interpreter once in person and another
time he had one on the cell-phone."  (Id. ¶ 26.)  And, in
speaking with counsel, Petitioner argues that his refusal of the
original agreement and the resulting consequences "would not
[have] occurred if [counsel] had presented [Petitioner] with the
first plea offer and clearly explained it to [Petitioner] with a

[S]panish interpreter," and that "the little [E]nglish that
[Petitioner] was picking up now was from the thirteen (13)
months of pretrial detention" Petitioner served.  (Id. ¶ 27.)

    Notwithstanding the above allegations, in Petitioner's
Reply, he states that the first plea agreement was indeed
presented to him.  (See Petitioner's Reply (Doc. 62) at 3-4.)
Petitioner also concedes the plea agreement was presented to him
through an interpreter.  (See id. at 3 ("Counsel's [feeble]
attempt to present the plea offer via a [S]panish interpreter
who was on speaker phone, on counsel's cell-phone is not the
same as having an interpreter physically present who reads and
explains the offer to Petitioner.").  Putting these statements
together, Maldonado seems to admit that the original plea
agreement was presented on the second visit, when counsel
provided a translator over the phone.  (See id.; Petitioner's
Aff. (Doc. 45) ¶ 3.)

    Despite having been advised of the plea offer with the
assistance of an interpreter via telephone, Petitioner maintains
that the plea offer was not "clearly and fully communicated."
(Petitioner's Reply (Doc. 62) at 4, 6.)  Even assuming that
Maldonado could only communicate with counsel through an
interpreter, this court finds that counsel only providing an

interpreter via telephone does not fall below the objective
standard of reasonableness necessary to prove ineffective
assistance of counsel under <u>Strickland</u>.  While it may have been
ideal to have an interpreter there in person to communicate with
Maldonado, the fact that an interpreter was not physically
present does not render counsel's assistance defective.  <u>Cf.</u>
<u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987) ("[Counsel] could well
have made a more thorough investigation than he did.
Nevertheless, in considering claims of ineffective assistance of
counsel, we address not what is prudent or appropriate, but only
what is constitutionally compelled." (internal quotation marks
and alteration omitted)).

    This court makes the above findings without an evidentiary
hearing for several reasons.  First, the only non-conclusory
allegation Maldonado makes as to the original plea offer
involves the failure to have an interpreter present in a timely
manner.  However, in his Reply, Maldonado concedes an
interpreter was present via cell phone and that he was presented
with the original plea agreement.  (<u>See</u> Petitioner's Reply (Doc.
62) at 3.)  Petitioner seems to object that the interpreter did
not read and explain to him the entire plea offer in his

physical presence, but Maldonado offers no reason why this would amount to ineffective assistance.  (See id.)

Second, Maldonado also asserts that he told his attorney "he would take a plea agreement if the attorney would get him less time and correct the drug amount and drug type attributed to him." (Petitioner's Mem. (Doc. 48) at 6.)  In the context of his pleadings, the phrase "less time" indicates Maldonado was well aware of the amount of time he faced under the original plea offer.  As this court noted during the course of a hearing on related matters, Maldonado had to have understood the plea offer if he knew to ask for a better deal. (See Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 16.)  Perhaps in recognition of the fact that his statements are inherently inconsistent as to his understanding of the various plea offers, Maldonado fails to explain in any non-conclusory manner what he understood after talking to counsel and/or the interpreter, the effect that any misunderstanding had on his overall thought process regarding a plea, or why he would have taken the original plea offer if he properly understood it.  Without this connection between counsel's failure to have an interpreter present in person and Maldonado's ultimate decision to reject the original plea offer and accept the second, Maldonado's allegations are "unsupported"

and "conclusory," and as such, Maldonado is "not entitle[d]

. . . to an evidentiary hearing." <u>Nickerson</u>, 971 F.2d at 1136.

Third, this court finds that Maldonado has presented
conflicting contentions as to when he could understand English.
This conflict is present in his allegations as to why he
accepted a plea agreement.  In his affidavit, Maldonado states
that he "could not clearly understand what [defense counsel] was
trying to tell [him]" such that an interpreter was necessary by
cell phone.  (Petitioner's Aff. (Doc. 45) ¶ 3.)  However,
contrary to Maldonado's suggestions that he was having some
difficulty understanding English without an interpreter,
Maldonado also alleges:

> I was returned to a holding cell next to another
> holding cell where my codefendant Carlton Core was.  I
> could hear Core speaking to who I believe was the AUSA
> – Mr. O'Malley and I believe I heard Core say that he
> was prepared to testify against me.
>
> When I was returned to defense counsel I informed him
> of what I believe I heard Core say to the AUSA and I
> told defense counsel that I did not want to proceed
> with trial.

(<u>Id.</u> ¶¶ 9-10.)

It may very well be that Maldonado might have received a
more favorable result in this case had he accepted the original
plea offer.  Nevertheless, Maldonado has failed to present
evidence that his attorney was ineffective in communicating the

plea offers.  Instead, the evidence in front of this court

suggests that Maldonado simply held out for a better plea offer

which ultimately the United States, as is its prerogative,

declined to extend.  Therefore, this court is able to rule on

Maldonado's Petition without an evidentiary hearing.

### ii. __Prior Proceedings__

Along with the fact that Maldonado has not shown his

counsel's performance was defective, this court has conducted

extensive prior proceedings on the same issue, and the facts

elicited during those proceedings support this court's findings

that Ground Two is meritless and that this court can make such a

finding without an evidentiary hearing.

After several hearings on the matter, this court previously

found Maldonado was not credible in his claims that he could not

communicate with counsel.  (See May 12, 2010 Hr'g Tr. (Doc. 30)

at 37.)  Maldonado first made a claim that counsel had failed to

communicate a plea offer to him by failing to provide an

interpreter in a pro se motion filed with this court.  (See

Petitioner's Mot. to Dismiss (Doc. 17) at 2.)  In that motion,

Maldonado alleged that counsel had "not been doing his job

correctly," as he "never brings an interpreter because I don't

speak English and he don't [sic] speak Spanish."  (Id. at 2.)

Maldonado further alleged that "[t]he only time I got an interpreter was at Wiston [sic] Salem and when I plead guilty." (Id.)

This court addressed the motion filed by Maldonado at the sentencing hearing held on February 18, 2010. (See Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 4-17.)  This court first cautioned Maldonado about choosing to address the court in support of the motion, but Maldonado chose to address the court. (Id. at 6-9.) During the course of his comments, Maldonado made the following statements:

> THE DEFENDANT: I told him if he didn't get me a better deal. But then when I saw that he never did get one, that's why I wanted to go to trial. But when I came to the day of the trial, I said to him I don't want to continue with this, I want to just sign the plea. And he told me you can no longer sign that plea; now it's going to be a different plea. And I said why? And he said you lost those privileges either yesterday or the day before yesterday, and that's why I signed because I was afraid of getting more time, and I don't want more time. The only thing I want is the minimum for me.

(Id. at 12.)

Subsequently, during the course of the hearing, this court inquired about the conflicting statements as to whether he spoke English (see id. at 16), and the number of times counsel had provided an interpreter. (Id. at 13-14.)  At the conclusion of

the hearing, this court described its concern over the
conflicting statements:

> THE COURT:  At present, I'm considering that
> obstruction of justice because of what it seems to me
> – what appear to me to be conflicting statements that
> Mr. Maldonado has given with respect to his ability to
> speak and understand English; and what further appear
> to me to be conflicting statements as to whether or
> not [counsel] brought a translator to the jail; and
> what further appear to me to be conflicting statements
> as to whether or not Mr. Maldonado understood his
> plea.

(Id. at 17-18.)  This court then denied the motion to withdraw

the plea.[3]  (Id. at 19.)

These same issues were again the subject of hearings before

this court during the May 2010 sentencing hearing.  (See, e.g.,

May 12, 2010 Hr'g Tr. (Doc. 30) at 4, 18-24.)  Maldonado

testified at that hearing and offered testimony similar to the

representations described above.  Notably, during the course of

that hearing, this court had to instruct Maldonado to wait on

the interpreter to translate before he proceeded to answer the

question. (Id. at 18 ("[T]his seems to be four or five times

---

[3] The motion was submitted as a motion to dismiss the
indictment based upon ineffective assistance of counsel.
Because the motion also sought a plea to powder cocaine instead
of cocaine base as the plea agreement required, this court did
consider other possible remedies.  (See Feb. 18, 2010 Hr'g Tr.
(Doc. 20) at 18-20.)  However, as the denial of the motion
reflects, this court did not find Maldonado's arguments
persuasive.

where the question has been asked in English, and before the interpreter has translated, you have started answering the question. If you need a Spanish interpreter, then wait until the interpreter translates . . . .").)

During direct examination, Maldonado testified:

Q. Did [counsel] ever bring an interpreter with him when he came to see you outside of court?

A. No.

Q. He never brought an interpreter?

A. One time in Winston-Salem, that first time that I saw him.

Q. So at least one time. So the statement in the motion that he never brought an interpreter is not correct?

A. Yes, that was my mistake.

Q. Why did you put that in there if that was not correct?

A. I just -- it was an oversight.

(Id. at 23-24.)

At the conclusion of the hearing, this court found as follows:

> And I further find that Mr. Maldonado has attempted to obstruct this proceeding -- or, in the alternative, I will say I find that Mr. Maldonado has attempted to obstruct the proceeding by making false representations to the Court through his motion in terms of how many times [counsel] may or may not have provided an interpreter, what Mr. Maldonado understood

-21-

with respect to the plea agreement in this case, that
is, specifically whether it was a plea to powder
cocaine or crack cocaine, and by understating his
involvement in the offense.

(Id. at 37.)  The Fourth Circuit acknowledged that this court

had found Maldonado's statements were not credible and found

that this court did not abuse its discretion in imposing the

sentence, which was the result in part of Maldonado's

contradictory statements.  See Maldonado, 420 Fed. App'x at

286-88.

Now, in support of his petition, Maldonado has presented an

affidavit, alleging a slightly different set of circumstances

with respect to his interaction with counsel in relation to the

original plea offer.  (See Petitioner's Aff. (Doc. 45) ¶¶ 1-19.)

This court has already found that Maldonado attempted to

obstruct the proceeding concerning how many times counsel

provided an interpreter and whether or not Maldonado understood

his plea agreement.  (See May 12, 2010 Hr'g Tr. (Doc. 30) at

37.)  Maldonado's present gloss on his representations is not

sufficient to require a hearing to resolve the discrepancies

between counsel's affidavit and Maldonado's affidavit in terms

of whether an interpreter was necessary and how many times an

interpreter was provided, or whether Maldonado understood the

English language.

In this case, the underlying material issues have been resolved, including when Maldonado had the assistance of an interpreter, and in this court's previous proceedings, Maldonado was found by this court to have falsely represented a number of material facts, including that he did not understand English. Thus, the issues raised in the Petition have been previously raised by Maldonado and rejected by this court. Because "the files and records of the case conclusively show that the prisoner is entitled to no relief," a hearing is not required and summary dismissal is appropriate. <u>Raines v. United States</u>, 432 F.2d 526, 529-31 (4th Cir. 1970).

### iii. <u>Rule 11 Hearing and Maldonado's Sworn Responses</u>

As further support of its finding that Ground Two is meritless and a hearing is not required, this court looks to Maldonado's sworn statements during the Rule 11 colloquy. Even assuming that the prior findings by this court do not conclusively establish that Ground Two is meritless, Maldonado was aware of all of the issues raised in his Petition with respect to the earlier plea <u>prior to</u> his entry of plea in this matter. (<u>See</u> Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 12 ("I said to him I don't want to continue with this, I want to just sign the

plea. And he told me you can no longer sign that plea; now it's going to be a different plea.").)

During the Rule 11 hearing, Maldonado had the benefit of translation to the Spanish language. (See June 9, 2009 Hr'g Tr. (Doc. 19) at 2.) With the assistance of an interpreter, Maldonado was specifically asked at his Rule 11 colloquy whether he had "fully discussed the charges contained in the indictment and the case in general with [counsel]," and whether he was "fully satisfied with the services of your attorney and his counsel, representation, and advice." (Id. at 7-8.) Maldonado responded "yes" to both questions. (Id.) These statements contradict the assertions made in the Petition that counsel did not communicate clearly with Maldonado concerning the plea agreement accepted by this court.

The Fourth Circuit has explained that, "in the absence of extraordinary circumstances," any "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible, and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations and internal quotation marks omitted). Statements in a Rule 11 colloquy that contradict a petitioner's allegations

"present 'a formidable barrier in any subsequent collateral proceedings.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). This court finds that Maldonado has failed to present evidence that his plea of guilty was not knowingly and voluntarily made, nor has he presented evidence that would suggest his sworn statements given during the Rule 11 colloquy should not control here.

Finally, Maldonado was appointed substitute counsel after the initial sentencing hearing during which Maldonado expressed his concerns over the sentencing issues and the hearing continued. (See Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 20; see also Minute Entry 2/19/2010 (Attorney Bryan Emery Gates, Jr. added).) Substitute counsel represented Maldonado during the second hearing. (See May 12, 2010 Hr'g Tr. (Doc. 30) at 1.) During direct examination of Maldonado by his substitute counsel, the following exchange occurred:

Q. Do you regret entering a guilty plea in this case?

A. Yes, I guess.

Q. Do you - did you want to withdraw your guilty plea?

A. That's what I would like, but you told me that everything pointed at me and, I could be found guilty.

Q. Do you want to withdraw your guilty plea now and go
           to trial?

        A. If I could and I wouldn't get more time.

        Q. That's not the question that I asked you.

        THE COURT: Well, I'm not sure whether there's any
           relevance to it, but I'll let you ask it one more
           time.

        BY MR. GATES:

        Q. Do you want to be allowed to withdraw your guilty
           plea and go to trial?

        A. If you were going to stand next to me, yes.

(Id. at 25-26.)  This exchange is notable for two reasons.

First, Maldonado was aware of all relevant facts at that time,

had the opportunity to move to withdraw his plea, and elected

not to do so because he could be found guilty.  Second, he was

only interested in withdrawing his plea if he could be assured

he would not receive "more time."  Maldonado elected to proceed

with his plea after discussions with substitute counsel and

before his sentence was imposed.  Therefore, whether based on

his statements during the Rule 11 colloquy or his subsequent

statements during sentencing, Maldonado's statements contradict

his allegations in his Petition, and this court finds that these

contradictory statements cannot compel a hearing.

For these reasons, this court finds that Ground Two is factually meritless and that this court can make such a finding without conducting an evidentiary hearing.

**C.   Ground Three – Plea Agreement Not in Writing**

In Ground Three, Maldonado alleges that "Trial Counsel misadvised Petitioner to take a final plea that was not in writing yet instead of proceeding with trial." (Petition (Doc. 40) at 8.)

Maldonado argues, in a conclusory fashion, that he informed counsel that "the drug type . . . should be cocaine powder and not cocaine base," as alleged in the indictment and stipulated to in the plea agreement (see Petitioner's Mem. (Doc. 48) at 8); that counsel's advice to agree to the plea agreement was not effective assistance (id. at 9); that counsel failed to advise Maldonado "regarding his sentence exposure prior to entering a plea" (id.); and that counsel failed to conduct a reasonable investigation. (Id.)  These allegations are conclusory, as Maldonado fails to identify any specific matter that defense counsel failed to investigate and fails to explain how counsel's advice and explanation of the sentence was deficient.  (See id. at 8-10.)  Such "[u]nsupported, conclusory allegations do not

entitle [Maldonado] to an evidentiary hearing." <u>Nickerson</u>, 971 F.2d at 1136.

Moreover, each of these issues was addressed during the Rule 11 colloquy. (<u>See</u> June 9, 2009 Hr'g Tr. (Doc. 19.) at 6-11.) This court carefully reviewed with Maldonado his stipulation to the amount of cocaine base in the plea agreement, and found the plea, including that to the stipulation, was knowing and voluntary. (<u>Id.</u> at 10-11, 19.) Furthermore, in reviewing the statutory minimum and maximum penalties, Maldonado was aware that he could only rely on the penalties announced by this court, and this court specifically advised that Maldonado could not rely on any estimates from counsel. (<u>Id.</u> at 14-15.) Maldonado represented to this court during the Rule 11 colloquy that he had fully discussed the charges contained in the indictment and the case in general with counsel, that he and counsel had discussed any possible defenses, and that he was fully satisfied with the services of counsel. (<u>Id.</u> at 7-8.) As noted above, these allegations, because they "directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy," are considered "palpably incredible" and "patently frivolous or false." <u>See</u> <u>Lemaster</u>,

403 F.3d at 221 (citations and internal quotation marks omitted).

Therefore, for these reasons, none of the allegations in Ground Three show that Maldonado is entitled to relief or compel this court to hold an evidentiary hearing.  Ground Three is frivolous, without merit, and will be dismissed.

### D.   **Ground Four – Counsel's Abandonment of Petitioner**

In Ground Four, Maldonado alleges that "Trial Counsel abandoned Petitioner during plea bargaining and during court hearing while defending ineffective claim against him." (Petition (Doc. 40) at 9.)  This claim is without merit to the extent it overlaps with arguments addressed in Ground Two. Moreover, there are additional problems with Ground Four.

First, Maldonado completely mischaracterizes the hearing during which the ineffective assistance claim was addressed. Maldonado filed a <u>pro se</u> motion alleging ineffective assistance of counsel. (Petitioner's Mot. to Dismiss (Doc. 17).)  That motion was addressed during the initial sentencing hearing conducted on February 18, 2010.  (<u>See</u> Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 3-6.)  At that time, Maldonado's presentence report awarded acceptance of responsibility to Maldonado.  <u>See</u> <u>Maldonado</u>, 420 Fed. App'x at 286-87.  Maldonado's counsel argued

that he and Maldonado were prepared to proceed, and that the matter did not need to be taken up at sentencing. (Feb. 18, 2010 Hr'g Tr. (Doc. 20) at 4-5.)  This court then warned Maldonado of the danger of addressing the court should he choose to do so. (Id. at 6.)  Maldonado was then also advised by counsel of the potential issues that could arise, and in spite of these warnings, Maldonado chose to address the court.  (Id. at 9.)  As a result of Maldonado's subsequent statements, the sentencing was continued and this court notified Maldonado of its consideration of striking acceptance of responsibility and applying an obstruction-of-justice enhancement.  (See id. at 17, 20.)  Maldonado chose his course of action after advice of the dangers and potential consequences from this court and counsel. He cannot blame counsel for his decision.

Second, counsel never had to defend himself as to the allegations of ineffective assistance of counsel during the course of Maldonado's sentencing.  Instead, at the conclusion of Maldonado's comments, this court allowed counsel's motion to withdraw.  (Id. at 19-20.)  As a result, even assuming there was a conflict, counsel withdrew from further representation without taking any action on behalf of Maldonado.  Maldonado has not shown that a conflict, even assuming one existed, adversely

affected his representation.  See Stephens v. Branker, 570 F.3d 198, 209 (4th Cir. 2009).  Moreover, an adverse effect cannot be presumed from the mere existence of a conflict.  Id.  Finally, counsel's withdrawal after a charge of ineffective assistance of counsel was proper and does not serve in itself as a violation of Maldonado's Sixth Amendment right to counsel.

As a result, Maldonado's allegations in Ground Four have no basis and in fact, are frivolous, and without merit.  The record conclusively establishes that this claim should be dismissed.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 40) is **DENIED** and that this case is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Discovery under Rule 6 of the Rules Governing § 2255 Proceedings (Doc. 63) and Petitioner's Motion to Expedite Proceedings Relief Sought (Doc. 66) are **DENIED AS MOOT.**

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of

a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 6th day of April, 2015.

_____
United States District Judge